### David H. CLIBURN

v.

### POLICE JURY ASSOCIATION OF LOUISIANA, INC.

#### Civil Action No. 97–36–B–M1.

United States District Court, M.D. Louisiana.

Oct. 31, 1997.

Thomas McCabe Lockwood, III, Baton Rouge, LA, for Plaintiff.

William J. Doran, Jr., Baton Rouge, LA, Peter L. Doran, Wells, Moore, Simmons & Hubbard, Jackson, MS, for Defendant.

### RULING ON DEFENDANT'S MOTION TO DISMISS OR ALTERNATIVELY FOR PARTIAL SUMMARY JUDGMENT

POLOZOLA, District Judge.

The defendant has filed a motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, or alternatively for partial summary judgment on the limited issue of subject matter jurisdiction, pursuant to Rule 56 of the Federal Rules of Civil Procedure. For reasons which follow, the motion to dismiss for lack of subject matter jurisdiction is granted.

The plaintiff filed this suit claiming that he was entitled to participate in the Louisiana Parochial Employees Retirement System (the "Plan") during the time he provided legal services for the Police Jury Association of Louisiana, Inc. In response to plaintiff's suit, the defendant has filed the pending motion.

The issue presented in the motion centers on whether or not the Plan is a governmental plan as defined by 29 U.S.C. §§ 1002(32)[1] and 1321(b)(2).[2] If the Court determines that the plan is a governmental plan, this Court would lack subject matter jurisdiction to hear the case pursuant to 29 U.S.C. §§ 1003(b)[3] and 1321(b)(2).

---

1. 29 U.S.C. § 1002(32) provides: "The term 'governmental plan' means a plan established or maintained for its employees by ... the government of any State or political subdivision thereof, or by any agency or instrumentality of any of the foregoing...."

2. 29 U.S.C. § 1321(b)(2) provides that the "section does not apply to any plan ... established and maintained for its employees by ... the government of any State or political subdivision thereof, or by any agency or instrumentality of any of the foregoing...."

3. 29 U.S.C. § 1003(b)provides: "The provisions of this subchapter shall not apply to any employee benefit plan if ... such a plan is a governmental plan (as defined in section 1002(32) of this title)...."

In *Hightower v. Texas Hosp. Ass'n,*[4] the Fifth Circuit addressed the definition of a governmental plan under ERISA and concluded that the exemption of governmental plans is addressed in three parts of the ERISA statute. In Title I, section 1002(32) defines a governmental plan as "a plan established or maintained for its employees by the Government of the United States, by the government of any State or political subdivision thereof, or by any agency or instrumentality of any of the foregoing."[5] In Title IV, section 1321(b)(2) provides that any plan "established and maintained for its employees by the Government of the United States, by the government of any State or political subdivision thereof, or by any agency or instrumentality of any of the foregoing" is exempt from coverage by ERISA. Title II, § 414(d) uses the same "establish and maintain" language as found in Title IV. Clearly, the standard set forth in Title I differs from the standard set forth in the other sections. The Title I definition of a governmental plan uses the language "established *or* maintained," while the Title II and IV exclusions use the conjunctive, "established *and* maintained" (emphasis added). In *Hightower,* the Fifth Circuit held that if the plan was "established or maintained for its employees by the Government of the United States, by the government of any State or political subdivision thereof, or by any agency or instrumentality of any of the foregoing," the plan was exempt from coverage under Title I of ERISA, even if it was not exempt from coverage under the Title IV "established and maintained" test.

The Plan which is the subject of this suit was established by the Louisiana Legislature and is maintained by the State of Louisiana. All parties stipulate to this fact. Thus, the first part of the statutory definition is met for Titles I, II and IV.

The plaintiff claims that the Court has subject matter jurisdiction based on the language set forth in the second part of the definitions—"its employees." The plaintiff argues that he was an employee of the Police Jury Association of Louisiana, Inc. and not an employee of the state or of a subdivision, agency or instrumentality of the state. He further contends that, because he was not an employee of the state, the Plan was not one maintained and/or established for the employees of the state or of a state subdivision, agency or instrumentality, as required by the statute.

Even assuming the plaintiff was not an employee of a state subdivision, agency or instrumentality, this Court concludes that the Plan is exempt from ERISA coverage. In *Hightower,* the Fifth Circuit found the employer was not a government entity and the employees were not State employees; however, "because [a subdivision of the State] established the Plan, the Plan remained exempt under Title I even after the County ceased to 'maintain' the Plan by transferring control the [a non-governmental employer]."[6] Here, the Plan was established by the Louisiana Legislature to provide for "retirement of officials and employees of the state, its agencies, and its political subdivisions, including persons employed jointly by state and federal agencies."[7] It is clear that the state continues to maintain the Plan. It is also clear that the Police Jury Association of Louisiana neither established nor maintains the Plan. Even if the Police Jury Association of Louisiana, Inc. is not a state subdivision, agency or instrumentality, the Plan was established and is maintained for employees of the state, its agencies and political subdivisions. Thus, under the reasoning of *Hightower,* the Plan is excluded from coverage.

Therefore:

IT IS ORDERED that the defendant's motion to dismiss for lack of subject matter jurisdiction be and it is hereby granted.

Judgment shall be rendered dismissing this suit without prejudice.

IT IS SO ORDERED.

---

4. 65 F.3d 443 (5th Cir.1995).

5. 29 U.S.C. § 1002(32).

6. *Hightower,* 65 F.3d at 451.

7. La. Const. Of 1974, Art. 10, Sec. 29(b).